IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES DANIEL CRAIG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv558-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set

aside, or correct sentence filed by federal inmate Charles Daniel Craig ("Craig").

## I.   BACKGROUND

On May 8, 2008, a jury found Craig guilty of conspiracy to possess with intent to

distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§

841(a)(1) & 846, and five counts of using a communication facility (a cell phone) in

committing, causing, or facilitating a drug conspiracy, in violation of 21 U.S.C. § 843(b).

On September 22, 2008, the district court sentenced Craig to 180 months in prison.[1]  Craig

appealed to the Eleventh Circuit and, on April 14, 2009, the appellate court affirmed his

---

[1] In imposing the 180-month sentence, the district court varied downward from an advisory guidelines range of 324-405 months.  The applicable guidelines range was based on Craig's offense level of 40 combined with his Criminal History Category of II.  Craig's base offense level was determined to be 38, based on the 255.5 kilograms of cocaine that were attributed to him as relevant conduct.  The district court applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on firearm possession.

convictions and sentence.[2]

On June 17, 2010, Craig filed this § 2255 motion asserting that his counsel rendered

ineffective assistance in the following ways:

1. Counsel failed to challenge the district court's application of a two-level enhancement under U.S.C.G. § 2D1.1(b)(1), based on firearm possession, when the guns found at his residence were unrelated to the charged conspiracy.

2. Counsel failed to move for a judgment of acquittal at the close of the Government's case, based on the insufficiency of the evidence as to all charges.

3. Counsel misadvised him of his maximum sentencing exposure if convicted.

Doc. Nos. 1, 1-1 & 10.[3]

The Government maintains that Craig's claims are without merit and do not entitle

him to collateral relief.  Doc. No. 6 at 5-8.  After due consideration of Craig's § 2255

motion, the supporting and opposing submissions, and the record in this case, the court

concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules*

*Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion

should be denied.

---

[2] *See United States v. Craig*, 322 Fed.Appx. 949 (11th Cir. Apr. 14, 2009) (unpublished).  On direct appeal, Craig argued that the district court clearly erred in applying a two-level enhancement, for firearm possession, under U.S.C.G. § 2D1.1(b)(1).

[3] Unless otherwise indicated, references to document numbers in this Recommendation are to those assigned by the Clerk to pleadings docketed in the instant action.  All references to the record in Craig's criminal proceedings, in Case No. 2:06cr169-WKW, are indicated where appropriate.  All page-number references in this Recommendation are to those assigned by CM/ECF.

## II.   DISCUSSION

**A.      Standard of Review for Claims of Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented,

3

will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*,

13 F.3d 528, 533 (2nd Cir. 1994).

**B.      Craig's Claims**

   *1.       Counsel's Failure to Challenge § 2D1.1(b)(1) Enhancement*

Craig contends that his counsel rendered ineffective assistance by failing to challenge

the district court's application of a two-level enhancement for firearm possession, pursuant

to U.S.C.G. § 2D1.1(b)(1),[4] because, he says, the guns found at his residence were unrelated

to the drug-trafficking conspiracy.  Doc. No. 1 at 4.

The record reflects that, both at sentencing and on direct appeal, Craig's counsel

raised this very claim challenging the § 2D1.1(b)(1) enhancement on grounds that the guns

recovered from his residence were unrelated to his offense.  *See* Case No. 2:06cr169-WKW,

Doc. No. 676 at 3-5; *United States v. Craig*, 322 Fed.Appx. 949, 950 (11th Cir. Apr. 14,

2009) (unpublished).  Both the district court and the Eleventh Circuit found the claim to be

without merit.  Because this claim was indeed raised (and rejected by the reviewing courts),

Craig's counsel cannot be ineffective for failing to raise the claim.

---

   [4] A defendant's offense level for a drug offense is increased by two levels if "a dangerous
weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The adjustment [for
possessing a weapon] should be applied if the weapon was present, unless it is clearly improbable
that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). "Once the
prosecution has shown by a preponderance of the evidence that the firearm was present at the site
of the charged conduct, the evidentiary burden shifts to the defendant to show that a connection
between the firearm and the offense is clearly improbable." *United States v. Hall*, 46 F.3d 62, 63
(11th Cir. 1995).

In his reply to the Government's response to his § 2255 motion, Craig modifies this claim to assert that his counsel was ineffective for failing to argue that imposition of the § 2D1.1(b)(1) enhancement violated the Fifth and Sixth Amendments of the United States Constitution because it was based on judicial factfinding about matters that were neither charged in the indictment nor proven to a jury beyond a reasonable doubt.  Doc. No. 10 at 3-7.  However, it is well settled that a district court does not violate the Fifth or Sixth Amendment by imposing fact-based sentencing enhancements under the guidelines, under a preponderance-of-the-evidence standard, so long as the court applies the sentencing guidelines as advisory.  *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir.2005) (holding that extra-verdict enhancements used "in a non-mandatory guidelines system [are] constitutionally permissible").  *See also United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir.2006); *United States v. Pope*, 461 F.3d 1331, 1335 (11th Cir. 2006); *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005).  At the sentencing hearing, the district court acknowledged that the sentencing guidelines were advisory when it pronounced Craig's sentence.  *See* Case No. 2:06cr169-WKW, Doc. No. 676 at 4-5 & 10-11.  Because the court applied the sentencing guidelines in an advisory manner, the court did not violate the Fifth and Sixth Amendments by applying the two-level enhancement pursuant to § 2D1.1(b)(1).  Because there would have been no merit to an objection that imposition of the § 2D1.1(b)(1) enhancement violated the Fifth and Sixth Amendments, Craig's counsel was not ineffective for failing to raise such an objection.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir.

2001) (counsel cannot be ineffective for failing to raise meritless issue); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same).

### 2.      *Counsel's Failure to Move for Judgment of Acquittal*

Craig maintains that his counsel rendered ineffective assistance by failing to move for a judgment of acquittal at the close of the Government's case, based on the insufficiency of the evidence as to all charges.  Doc. No. 1 at 5.  This claim is without merit, because Craig's counsel did in fact move for a judgment of acquittal at the close of the Government's case. *See* Case No. 2:06cr169-WKW, Doc. No. 654 at 62.  In his reply to the Government's response to his § 2255 motion, Craig modifies this claim to assert that his counsel was ineffective for failing to invoke a ruling on the motion for judgment of acquittal made at the close of the Government's case, and for failing to "reissue" the motion for judgment of acquittal after the jury's verdict.  Doc. No. 10 at 2.  In addition, he contends that his counsel should have "raised this issue of acquittal upon direct appeal." *Id*.

As for Craig's claim that his counsel failed to invoke a ruling on the motion for judgment of acquittal made at the close of the Government's case, the record reflects that the district court reserved decision on the motion and later, after the jury's verdict, entered a written order denying the motion for judgment of acquittal made at the close of the Government's case.[5]  *See* Case No. 2:06cr169-WKW, Doc. No. 642.  Craig, moreover,

---

[5] Although Craig's argument regarding this issue is somewhat confusing, he appears to contend that a district court is not authorized to reserve decision on a motion for judgment of
(continued...)

makes no attempt in his § 2555 motion to suggest in what respect the evidence presented against him was insufficient to sustain his convictions. Mere conclusory claims and allegations unsupported by specifics are insufficient to entitle a petitioner to collateral relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Consequently, Craig also fails to establish that his counsel was ineffective for failing to move for a judgment of acquittal after the jury's verdict or for failing to "raise[ ] this issue of acquittal upon direct appeal."

In any event, the Government presented ample evidence to sustain Craig's convictions as to all charges. The record contains direct evidence – through the testimony of Cliff Johnson, Demetrious Pegues, and Terrence Newkirk – that Craig conspired and participated with other individuals in a drug-trafficking organization that operated between the Middle District of Alabama and Detroit, Michigan. Testimony indicated that Johnson gave multiple kilograms of cocaine to Craig to be transported to Pegues in Detroit, and that Craig in fact transported the drugs to Detroit, where Pegues made payments for him to take back to Johnson in Alabama. Case No. 2:06cr169-WKW, Doc. No. 653 at 85 & 127. Newkirk testified that, either with Johnson or at Johnson's direction, he took large quantities of cocaine to Craig's residence in order for Craig to transport the drugs to Detroit.[6] *Id*. at

---

[5](...continued)
acquittal made at the close of the Government's case. However, Rule 29(b) of the Federal Rules of Criminal Procedure authorizes the court to reserve decision on such a motion and to later decide the motion either before or after the jury returns a verdict.

[6] Newkirk testified that he took cocaine to Craig's residence over ten times and that on each trip he would take between 25 and 40 kilograms of cocaine. Case No. 2:06cr169-WKW, Doc. No.
(continued...)

200 & 207.  Newkirk also testified that he picked up drug proceeds from Craig at Craig's

residence.  *Id*. at 207.  Other testimony indicated that the drug-trafficking organization used

Craig's residence as a storage place for drugs.  Chris Ulmer testified that he ordered ten

pounds of marijuana from Johnson and that Johnson told him to pick up the marijuana at

Craig's residence.  *Id*. at 242-43.  Ulmer stated that he then went to Craig's residence and

obtained the ten pounds of marijuana.  *Id*. at 244.  When executing a warrant to search

Craig's residence, federal agents found several firearms, marijuana, scales, and other drug

paraphernalia.  *Id*. at 53-54.  The Government also presented evidence of multiple phone

conversations between Johnson and Craig which facilitated the operation of the drug-

trafficking organization.  *Id*., Doc. No. 654 at 9-53.  Plainly, the evidence was sufficient to

support Craig's convictions under 21 U.S.C. §§ 841(a)(1) & 846 and 21 U.S.C. § 843(b).

Craig is not entitled to any relief based on this claim.

### 3.      *Counsel's Misadvice about Sentencing Exposure*

Craig claims that his counsel rendered ineffective assistance by misadvising him of

his maximum sentencing exposure if convicted.  Doc. No. 1-1 at 9.  He contends, in cursory

fashion, that he "was led to believe prior to trial" that he would receive no more than ten

years in prison if convicted, in light of the sentences imposed on several other participants

in the drug-trafficking conspiracy.  *Id*.  Replying to this claim, Craig's trial counsel, Thomas

---

[6](...continued)
653 at 200.

Goggans, states:

> In Craig's 2255 petition, he alleges that I did not let him know his exposure in [his] case.  Not so.  I did that numerous times.  I did that not only in the beginning of my representation but also during the numerous times I talked with him and told him he should settle the case rather than take it to trial.

Doc. No. 5 at 1. Craig was also apprised of the limits of punishment he faced at arraignment.

Case No. 2:06cr169-WKW, Doc. No. 2 at 3; Doc. Nos. 106 & 122.

Here, Craig's cursory allegation fails to satisfy the prejudice prong necessary to sustain a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).  Even assuming the truth of his bare assertion that he was led to believe he would receive a sentence of no more than ten years if convicted, Craig neither alleges nor demonstrates the existence of a plea offer with a more favorable sentence than the one actually imposed upon his conviction, or that, had he not been "led to believe" he would receive a sentence of no more than ten years, he would (or indeed could) have pleaded guilty in exchange for a sentence less than the 180-month sentence actually imposed.  The law is clear that an inaccurate prediction about sentencing alone will generally not be sufficient to sustain a claim of ineffective assistance of counsel.  *See United States v. Pease*, 240 F.3d 938, 940–41 (11th Cir. 2001); *United States v. Arvanitis*, 902 F.2d 489, 494–95 (7th Cir. 1990). Because Craig fails to demonstrate any prejudice resulted from the allegedly erroneous advice of his counsel, he is not entitled to any relief based on this claim, and the claim may be dismissed without an evidentiary hearing.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Craig be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 13, 2012**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 30th day of July, 2012.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE